UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES WESLEY HICKS ADAMS,      )
                               )
           Plaintiff,          )
                               )
     vs.                       )     CAUSE NO. 3:18-CV-24 PPS-MGG
                               )
JOHN BOYD, DEREK ALLEN,        )
and JOHN WILCHER,              )
                               )
           Defendants.         )

## OPINION AND ORDER

James Wesley Hicks Adams, a prisoner without a lawyer, alleges that defendants denied him access to the law library at LaPorte County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Plaintiff alleges that he filed a request to use the jail's law library on September 26, 2017, and was denied access by defendants because he is represented by an attorney. Over the following months, Plaintiff filed several additional requests for access to the library, as well as formal grievances, and was denied each time for the same reason.

Plaintiff's claims implicate the First Amendment right of access to the courts, as well as the Fourteenth Amendment right to substantive due process. *Snyder v. Nolen*, 380 F.3d 279, 290 (7th Cir. 2004). "[T]he fundamental right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right of access to the courts, an inmate must establish that jail officials failed to provide the assistance required by *Bounds v. Smith*, and show that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith* did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts).

Plaintiff's complaint does not allege facts showing a failure to provide the assistance required by *Bounds*. State officials do not need to provide a prisoner with access to legal materials in a case where he is represented by an attorney. *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) (finding no constitutional violation where jail officials denied a prisoner access to legal materials in his criminal case where he was represented by counsel on his criminal charges). Plaintiff's complaint states that the defendants asked Plaintiff on several occasions why he needed to use the law library even though he had an attorney; he did not provide them with an answer, nor does the complaint explain why he wished to use the law library. Thus, the fact that defendants denied Plaintiff access to the library because he had an attorney, without additional

2

facts regarding the claim he wished to research, does not itself state a claim for denial of access to the courts.

Plaintiff's complaint also fails to allege facts showing an actual injury caused by defendants' denial of his use of the law library. The only injury alleged is the denial of Plaintiff's "right to utilize the law library." However, there is no "abstract free-standing right" to a law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The right has been infringed only if the defendants' conduct prejudices a potentially meritorious legal claim. *Id.* Thus, to state a claim, an inmate must "spell out" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.* The court must also bear in mind that prison officials are afforded discretion in regulating how and when inmates are given access to legal materials. *See Lewis*, 518 U.S. at 351–52; *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

The complaint contains no facts regarding the legal claim for which Plaintiff wished to access legal materials, nor does it allege facts showing prejudice to that legal claim. Without facts alleging injury caused by defendants' actions, the complaint necessarily fails to state a claim for denial of access to the courts.

Based on the complaint, Plaintiff has failed to adequately allege that any of the defendants violated his First and Fourteenth Amendment right of access to the courts.

3

Consequently, this complaint does not state a claim. Nevertheless, because so many questions remain unanswered, it is possible that Plaintiff has omitted relevant facts. Therefore, he will be permitted to file an amended complaint if he has additional factual information to provide. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2018). In his amended complaint, Plaintiff needs to set forth every claim that he is trying to bring in this case. He needs to provide all the relevant facts and fully explain what each defendant did and the harm resulting from each defendant's actions. He needs to address the questions raised in this order.

For these reasons, the Court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to James Wesley Hicks Adams;

(2) GRANTS James Wesley Hicks Adams until **March 1, 2018**, to file an amended complaint; and

(3) CAUTIONS James Wesley Hicks Adams if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. §1915A because the current complaint does not state a claim upon which relief may be granted.

SO ORDERED on January 29, 2018.

/s Philip P. Simon
Judge
United States District Court

4